NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 9 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANGEL FELIPE PEREZ-PEREZ, AKA
Lopez,

Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No.    19-70938

Agency No. A202-069-682

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2021**
Phoenix, Arizona

Before:  HAWKINS and BUMATAY, Circuit Judges, and CARDONE,*** District
Judge.

Petitioner Angel Felipe Perez-Perez, a Guatemalan native and citizen of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

indigenous Mayan descent, seeks review of an order entered by the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his application for withholding of removal under the Immigration and Nationality Act, and for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019) (citing *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). We review legal questions de novo and factual findings for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). Whether a particular social group is cognizable is a question of law, but whether that group is socially distinct is a question of fact. *Id.* at 1242.

1.     Substantial evidence supports the BIA's determination that Petitioner was insufficiently likely to suffer persecution on account of his family membership to be entitled to withholding of removal. "[W]hen similarly situated members of the petitioner's family live without incident in the alleged danger zone, such family evidence and the inferences drawn from it does substantially support the agency decision . . . ." *Santos-Lemus v. Mukasey*, 542 F.3d 738, 743 (9th Cir. 2008) (internal quotation marks, modifications, and citation omitted), *abrogated on other*

*grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Here, it is undisputed that Petitioner's parents have "remained unharmed" in his hometown. *See id.* And they are similarly situated because they helped file the police report that Petitioner merely encouraged, and they too received unfulfilled threats of violence. While the IJ erroneously assumed that Petitioner's sister also remained in Guatemala, the BIA expressly declined to rely on that part of the IJ's reasoning. *See Duran-Rodriguez*, 918 F.3d at 1027–28 (noting that we review only those parts of the IJ's decision on which the BIA relied). And despite Petitioner's suggestions otherwise, the BIA gave adequate attention to his individual risk of persecution, but simply found that risk insufficient. Substantial evidence supported that conclusion. *See Santos-Lemus*, 542 F.3d at 743–44; *see also Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021) ("Unfulfilled threats are very rarely sufficient to rise to the level of persecution . . . .") (citing *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003)).

There is also substantial evidence that Petitioner's Mayan ethnicity was not "a reason" members of MS-13 attacked him in 1999. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017). Petitioner's assailants never mentioned his ethnicity, and Petitioner testified that he was attacked because of his resistance to recruitment, not because he is Mayan. The expert witness did not testify otherwise. The record thus does not compel the conclusion that Petitioner

was attacked because he is Mayan. *See Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (finding no causal nexus where petitioner testified he was attacked for a reason other than a statutorily protected ground and attackers never mentioned that ground).

The BIA also reasonably found incognizable Petitioner's proffered social group of "Mayan men who have actively resisted gang recruitment." *See Henriquez-Rivas*, 707 F.3d at 1087. The record does not compel the conclusion that Guatemalan society views that group as "sufficiently separate or distinct." *See Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (quoting *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014)). Rather, substantial evidence established that gang violence is widespread, and that the gangs target anyone they deem advantageous. *See id.* at 981.

2.      Substantial evidence also supports the finding that Petitioner's fear of torture is speculative, *see Xiao Fei Zheng v. Holder*, 644 F.3d 829, 836 (9th Cir. 2011), or based on a generalized fear of violence and corruption, *see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Moreover, the BIA adequately considered the aggregate risk of torture. *See Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015) ("CAT claims must be considered in terms of the aggregate risk of torture from all sources, and not as separate, divisible CAT claims.") (citing *Cole v. Holder*, 659 F.3d 762, 775 (9th Cir. 2011)). The IJ

considered "the totality of the testimony and the other evidence in the record," and concluded that it was insufficiently likely Petitioner would be tortured if removed to Guatemala.  That was enough to deny Petitioner CAT protection.

The petition for review is **DENIED.**